Curtis *v.* Curtis.

Filed May 10, 1892.

———◆———

No. 16,160.

CURTIS *v.* CURTIS.

HABEAS CORPUS.—For sufficiency of petition see opinion.

DEPOSITION.—*Seal of Notary.*—*Clerk's Certificate.*—When a notary public in a foreign State, taking a deposition, omitted his seal from the certificate, but the clerk of the county, by a proper certificate, attested to the official character and signature of the notary, there is no cause for suppressing the deposition.

COSTS.—*Bond for.*—In law, *prima facie*, the domicil of the husband is the domicil of the wife, and when the husband makes a motion to require the wife to give a non-resident's bond, and makes no proof of her nonresidence, but relies upon the averments of the complaint to show that fact, the husband being a resident of this State, the wife could not be required to give a bond for costs in an action against her husband.

From the Tippecanoe Superior Court.

*R. P. Davidson*, for appellant.

*A. Rice* and *W. S. Potter*, for appellee.

OLDS, J.—The appellant, Erasmus K. D. Curtis, and the relatrix, Lucy A. Curtis, husband and wife, had born to them one child, a daughter, Nellie D. Curtis, now about six years old. In October, 1888, and for about four years prior thereto they lived in the city of Staunton, Virginia, with Adrian Ann Curtis, mother of the appellant. In the month of October, 1888, at the request of the appellant, the relatrix was absent from the house dining with a neighbor and friend, having been induced by appellant to go to the house of her friend without her child, and in her absence the appellant abandoned the relatrix, taking the child with him.

Afterwards his mother joined him at Lafayette, Indiana, where they have since been keeping house, appellant concealing the whereabouts of himself and child, so that the relatrix had no knowledge as to the whereabouts of either until immediately before the filing of her petition in this case. Immediately on ascertaining where the appellant and the child were she filed her petition for a writ of *habeas corpus* for the custody of the child. There was a final hearing before the Superior Court of Tippecanoe county, resulting in a judgment in favor of relatrix, giving to her the custody of the child, and rendering a judgment against the appellant for costs.

The first alleged error discussed relates to the ruling of the court on appellant's motion to require the relatrix to give bond for costs. This question we will consider later on in the opinion.

It is next contended that the petition is insufficient. We can not agree with counsel for appellant on this proposition. The petition is too long to set out a copy of it. It avers the marriage of the appellant and the relatrix, the birth of the child, the strong attachment existing between her and the child; that she had in every way demeaned herself properly toward her husband, and had been a loving and dutiful wife; that she is now living with her father and mother; that her father is a man of ample means, and has a good home; that he is ready, willing and anxious to furnish a permanent and comfortable home within his said house for both the relatrix and her said child; that both her father and mother are highly moral and upright and respectable people, kind-hearted, generous and indulgent, and will afford relatrix every facility and assistance in properly bringing up and raising her said child; that relatrix has in her own right real and personal property to the amount of $3,000.

It further alleges the facts in regard to the cruel and unwarranted taking of the child from its mother, and secreting it and not allowing her to know where it was.

It alleges facts showing both the appellant and his mother to be unfit to take charge of and rear the child; that the appellant has no means with which to support the child except as he earns it upon the railroad as a brakeman or receives it from his mother, who has but limited means; that he is compelled to leave the child with his mother most of the time, and she feels very unkindly toward the relatrix, and will, if allowed to retain the custody of the child, teach it to dislike and hate the relatrix. There are many other allegations in the petition showing the appellant to be an unfit person to have the custody of the child, and that the relatrix is a suitable and competent person, well able to care for, and ought to have the custody of the child, and that it is for the best interests of the child to give the custody of it to the mother.

The petition is clearly sufficient.

It is contended that the court erred in overruling appellant's motion to suppress depositions of certain witnesses taken in Virginia, for the reason that they were not properly certified to by the notary public. The notary had no seal attached to his certificate, but the clerk of the court of Hastings certified as to the official character of the notary, and that his signature to the certificate was genuine. To the clerk's certificate is attached the seal of the court. This is sufficient. *Pape* v. *Wright*, 116 Ind. 502. There was no error in overruling the motion to suppress. The affidavit and agreements in regard to the manner of taking the depositions do not show any valid reasons for suppressing them.

Numerous questions are presented on the rulings of the court in refusing to strike out parts of the depositions. We have examined each of them, and find no error for which the judgment should be reversed.

We come now to the consideration of the question of the ruling of the court in refusing to require the relatrix to give bond for costs. Appellant made no proof as to the non-

residence of the relatrix, in support of the motion, but relied upon the averments of the complaint, and the court made no order requiring her to give bond for costs. In law, *prima facie*, the domicil of the husband is the domicil of the wife. The husband being a resident of this State, the wife could not be required to give bond for costs in an action against her husband to recover the custody of her infant child.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 5, 1892; petition for a rehearing overruled April 30, 1892.