## WILLIS ET AL. v. WILLIS.

[No. 20,500.   Filed October 12, 1905.]

1. PLEADING.—*Complaint.*—*Habeas Corpus.*—*Husband and Wife.* —*Infant.*—A petition for the writ of *habeas corpus*, by a wife against her husband to secure possession of their infant child, showing that the husband wrongfully and unlawfully obtained possession of such child by a fraudulent scheme, and still retains such possession; that he is unfit to have the custody of such child and that she is able and willing to care for such child, is sufficient.   p. 329.

2. HABEAS CORPUS.—*Motion to Quash Writ.*—*Effect.*—A motion to quash a writ of *habeas corpus*, like a demurrer to a pleading, admits the truth of the facts well pleaded in the petition therefor.   p. 329.

3. APPEAL AND ERROR.—*Separate Assignment.*—*Joint Exception.* —Where one of two defendants separately assigns error on appeal, but the exception to the ruling complained of was joint, no question is presented.   p. 330.

From Marion Circuit Court (13,476) ; *Henry Clay Allen,* Judge.

*Habeas Corpus* by Hattie Belle Willis against Nathaniel Parker Willis and another.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*Chambers, Pickens, Moores & Davidson* and *Means & Buenting,* for appellants.

*Martin M. Hugg* and *James A. Collins,* for appellee.

JORDAN, J.—Appellee, Hattie B. Willis, petitioned the lower court to issue a writ of *habeas corpus* against appel-

lants for the purpose of securing the possession or custody of her infant daughter. The writ was accordingly issued. Appellant Nathaniel P. Willis appeared in court, and filed a separate motion to quash the writ, on the grounds: (1) That the petition did not show or allege that the infant child therein mentioned was unlawfully or illegally restrained of its liberty; (2) that it did not show a sufficient reason to entitle the petitioner to the custody of said child; (3) that it did not show any sufficient reason that he was not entitled to its custody; (4) that it did not show the cause or pretense of the restraint. This motion was overruled, to which appellant Nathaniel P. Willis excepted. Each of the appellants filed a separate return to the writ of *habeas corpus.* Trial by the court, and finding in favor of the petitioner, to the effect that she was the mother of said infant, Mary Frances Laura Willis, and was entitled to her custody, and that the respondents unlawfully restrained said infant of her liberty. Judgment was rendered upon the finding that said infant be discharged from the custody of the respondents, and that her custody be awarded to the petitioner. Written motions by the respondents for a new trial for the reasons therein specified were filed and overruled. Appeal prayed and taken to this court.

Appellant Nathaniel P. Willis separately assigns as error: (1) That the court erred in overruling his motion to quash the writ of *habeas corpus;* (2) that the court erred in overruling his motion for a new trial, to which ruling he excepted. He and his coappellant jointly assign: (1) That the court erred in overruling their motion to quash the writ; (2) in overruling their motion for a new trial, to which ruling they excepted.

The petition substantially discloses that the petitioner and appellant Nathaniel P. Willis are husband and wife; that they live separate and apart; that the infant child in question, Mary Frances Laura Willis, is of the age of eighteen months; that the petitioner is its mother, and defendant

Nathaniel P. Willis is its father; that it is the legitimate issue of the marriage between the petitioner and said defendant; that appellee has had the sole care, charge and custody of said child from the time of its birth until, as alleged, it was fraudulently taken from her care, charge and custody by the defendants, as hereinafter shown; that the parties were married on April 25, 1900, and since that date the defendant Nathaniel P. Willis has been guilty of cruel and inhuman treatment of his said wife; that he has been an habitual drinker of intoxicating liquors, and accustomed to return home in an intoxicated condition; that on divers occasions he cursed and beat his said wife "until she was cómpelled to take to her bed;" that by reason of the kicking and beating she received from said defendant she was made sick for a period of three months; that in the month of October, 1901, appellee was compelled to leave said defendant on account of his cruel and brutal treatment towards her; that thereafter, in the month of January, 1902, upon repeated promises made by said defendant to her that he would reform, she consented to return to his home, but he continued thereafter to abuse and brutally mistreat her, until his abuse became so violent that she was compelled to seek the home of her mother for protection; that on one occasion he threw her down, and on another occasion, after the birth of said child, while she was sick in bed, he cursed and abused her, and returned home "beastly drunk;" that by reason of his habitual and constant abuse, the appellee was compelled on or about the 15th day of July, 1904, to leave said defendant and, with her said infant child, she went to the state of Missouri; that in August, 1904, she, with said child, was living at a place called Hayti in said state; that said defendant came to the place where she was living, and represented to her that if she would return to Indianapolis he would divide their property and secure her a divorce; that upon their arrival at Indianapolis, he represented to the petitioner that his mother, Ella Willis, codefendant herein, was

very sick, and that she desired to see said infant child, and he promised petitioner to return the child to her early in the afternoon of said day; that she believed his representations and statements to be true, and allowed him to take the child in question to the home of his mother, Ella Willis, in the city of Indianapolis, Indiana. It is further alleged that said defendants have ever since kept said child in their care, charge and custody, and have deprived petitioner of the care, charge and custody thereof. She further shows in her petition that she is ready, able and willing to care for said child, and that she is a fit person to have the care, charge and custody thereof, while on the contrary the defendant Nathaniel P. Willis is not a fit person to have the care and custody of the child; that he is addicted to the use of intoxicating liquors, has a violent and ungovernable temper, and is away from his home until late in the night; that he frequents and spends a great portion of his time in saloons, and thereby is compelled to leave said child with his mother, Ella Willis. The latter, it is alleged, is not a fit person to have the care and custody of said child; that she is a woman of violent and ungovernable temper, and has unkind feelings toward petitioner, and if allowed to retain the custody of the child she will teach it to dislike and hate petitioner. It is further alleged that the defendants have unlawfully and wrongfully seized the body of the child in question, and without cause restrain it at No. 128 West Walnut street, in the city of Indianapolis, and wrongfully deprive the petitioner of the custody and possession thereof, by forcibly confining and restraining said child in the dwelling-house of defendant Ella Willis; that said restraint is unlawful and without cause or right; that the defendant Nathaniel P. Willis has not secured the custody and possession of said child by permission of this petitioner, nor by the order or authority of any court.

Counsel for appellant Nathaniel P. Willis contend that the motion of the latter to quash the writ should have been

sustained on the grounds assigned therein as to the 1. insufficiency of the petition. We can not agree with counsel that the petition is not sufficient to justify the court in issuing a writ of *habeas corpus.* It is disclosed by this pleading that, by reason of the cruel and inhuman treatment of appellee by appellant Nathaniel P. Willis, her husband and the father of her child, she was finally compelled to leave him, and go elsewhere to reside. It appears that she with her child went to the state of Missouri, and located at the town mentioned in the petition. Subsequently appellant Nathaniel P. Willis, through a false promise, induced her to return with him to the city of Indianapolis, and by other false promises and deceptions he temporarily obtained from her the possession of the child, and then failed and refused to return it to her in accordance with his promise. The petition, by its general averments, and by the facts specifically alleged, shows that she is a fit person to be intrusted with the custody thereof, that she is ready and able to care for and support it, while on the contrary its father is shown not to be a fit or suitable person, under the circumstances, to have the care and custody of said infant child. There is a general averment at least to disclose that the defendants unlawfully and wrongfully without cause restrained the child at the place designated in the petition. Possibly the pleading is not as definite and specific in some respects as it should be, but upon the whole we are of the opinion that it is sufficient to sustain the writ. *Curtis* v. *Curtis* (1892), 131 Ind. 489; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384.

The petition in question was addressed to the sound legal discretion of the trial court, and appellant Nathaniel P. Willis, under his motion to quash, in like manner as 2. by demurring to a pleading, admitted the truth of the allegations therein. Considering these as true, they certainly show a sufficient *prima facie* case. Such a state of facts is disclosed as would authorize the conclusion·

that the interest and welfare of this infant of tender age, as shown, will be best subserved by awarding the custody thereof, at least *pro tempore,* to appellee, who, as it appears, has had it under her care since its birth.    See *Berkshire* v. *Caley* (1901), 157 Ind. 1; *Bullock* v. *Robertson* (1903), 160 Ind. 521, and cases cited.    We conclude that there was no error, under the circumstances, in denying the motion to quash the writ.

It is next contended that the evidence does not sustain the finding of the trial court, and that in cases of this character, where a proper assignment of error is made, this court, by virtue of the provisions of section eight of the act of 1903 (Acts 1903, p. 338, §641h Burns 1905), ought to consider and weigh the evidence, and award judgment according to the weight thereof.    One of the reasons assigned in appellant Nathaniel P. Willis's motion for a new trial was insufficiency of the evidence to support the finding, and he now seeks to present that question under the second paragraph of his separate assignment, whereby he alleges that the court erred in overruling his motion for a new trial, to which ruling he excepted.    At this stage of the case we are confronted with the insistence of appellee's counsel that this assignment is not supported by the record; or, in other words, that the latter does not meet or respond to said assignment, and therefore no question as to the sufficiency of the evidence is thereunder presented for our consideration.    An examination of the transcript fully sustains this contention.    The entry from the court's order-book recites: "The respondents, Nathaniel P. Willis and Ella Willis, now file their written motions and reasons for a new trial herein, said motions are as follows."    Immediately after this entry follows what purports on its face to be the separate motion of Nathaniel P. Willis for a new trial, and after his motion follows what purports to be the separate motion of Ella Willis for a new trial.    The record then recites:    "And the court being fully advised in the premises

doth now overrule said motion, to which ruling of the court said respondents except, and ninety days are given them to file bill of exceptions, and respondents now pray an appeal to the Supreme Court," etc. This is the only ruling shown by the record. It is therefore evident that the second paragraph of appellant Nathaniel P. Willis's separate assignment under this state of the record is not shown to be based on any ruling exhibited therein. Which of the two written motions filed by the respondents for a new trial was overruled is wholly left to surmise or conjecture. The assignment in question specifically shows that the ruling upon which said appellant predicates error was one to which he alone excepted, while the record discloses that both of the respondents jointly excepted to the ruling of the motion therein mentioned. That under the circumstances there is a wide variance between the assignment in question and the record is certainly manifest. It is settled beyond controversy that an assignment in a case on appeal to this court, which has no foundation of fact disclosed by the record upon which it can rest, presents no question, and must be disregarded. Ewbank's Manual, §§127, 137; *Singer* v. *Tormoehlen* (1898), 150 Ind. 287, and cases there cited; *Meyer* v. *Meyer* (1900), 155 Ind. 569; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460; *Smith* v. *Borden* (1903), 160 Ind. 223; *Chicago, etc., R. Co.* v. *Walton* (1905), *post,* 642, and cases there cited. As there is no ruling of the trial court upon which appellant Nathaniel P. Willis can base the second paragraph of his separate assignment, it follows that the question which he attempts to present in respect to the insufficiency of the evidence can not be considered.

Finding no available error, the judgment below is affirmed.