# WATTS ET AL. v. WATTS.

[No. 21,898. Filed October 13, 1911.]

1. HABEAS CORPUS.—*Waiver of Writ.*—The defendants' appearance and their filing of a demurrer to plaintiff's complaint for the custody of plaintiff's child, constitute a waiver of the issuance of a writ of *habeas corpus.* p. 335.

2. HABEAS CORPUS.—*Custody of Child.*—*Action.*—An action for the custody of her child, brought directly by the mother, partakes of the nature of an action in *habeas corpus,* and may properly be brought by the mother in her own right. p. 336.

3. HABEAS CORPUS.—*Verification.*—*Waiver.*—The failure to question the sufficiency of an unverified complaint for the custody of a child, by a motion to strike from the files, or otherwise, waives any question as to the want of verification. p. 336.

4. HABEAS CORPUS.—*Custody of Children.*—*Complaint.*—A complaint by a parent for the custody of a child showing that defendants are immoral and unfit to have the custody of children, is sufficient. p. 336.

5. COURTS.—*Jurisdiction.*—*Habeas Corpus.*—Where defendants, in a *habeas corpus* case, appear and contest the case on its merits, and the child in question is produced in court, even though by an order of the court, the court has jurisdiction. p. 337.

6. PLEADING.—*Sustaining Demurrer to Paragraph of Answer.*— *Facts Provable Under Another.*—No error is committed in sustaining a demurrer to a paragraph of answer, where the facts therein alleged are provable under another paragraph. p. 337.

7. JUDGMENT.—*Time of Rendition.*—*Close of Term.*—Under §1658 Burns 1908, Acts 1885 p. 114, providing that if, at the close of any term of court, a trial be in progress "such court may continue its sitting beyond such time * * * and in such case, the term of said court shall not be deemed to be ended until the cause shall have been fully disposed of by the court," a judgment rendered on a day after the close of the session of the court is lawful, where the trial was in progress on the last day of the term and the cause was continued until the day of the hearing. p. 337.

8. APPEAL.—*Right Result.*—Where a right result was reached the judgment appealed from will not be disturbed. p. 338.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Caroline E. Watts against Josiah F. Watts and another. From a judgment for plaintiff, defendants appeal *Affirmed.*

*Will H. Anderson* and *Elmer E. Slick,* for appellants.
*Joseph W. Murphy,* for appellee.

JORDAN, C. J.—This was an action in the nature of a *habeas corpus* proceeding, instituted by appellee, Caroline E. Watts (formerly Caroline E. McGath), against Josiah F. and Nellie R. Watts, husband and wife, to obtain the custody of her daughter by a former marriage, a girl five years old. By her complaint she alleged that defendants had obtained the custody of said child by false and fraudulent representations, thereby inducing her to consent to its adoption by them; that they represented themselves to be Christian people, who would give the child a good, moral home; that under these circumstances they adopted plaintiff's daughter. The complaint then sets out facts showing the immorality of the defendants and their unfitness to have the care, custody and education of said infant.

Appellants, in response to a summons, appeared in the lower court and demurred to the complaint, thereby waiving the issuing of the writ of *habeas corpus.* The demurrer was based on (1) the insufficiency of facts alleged in the complaint, (2) a lack of capacity to sue, (3) defect of parties plaintiff. This demurrer was overruled, and appellants, who appear to have adopted the child jointly, answered in four paragraphs. Appellee demurred to these paragraphs of answer for want of facts. Her demurrer was sustained as to the second and fourth, and overruled to the third. The reply was a general denial. Upon the issues joined the cause was tried by the court, and a finding was made that "the defendants, Nellie R. Watts and Josiah F. Watts, are unfit persons to be intrusted with the care and custody of the infant child, Mildred Watts, named in plaintiff's complaint, because of the immorality of defendant Nellie R. Watts, and that defendants, Nellie R. Watts and Josiah F. Watts, be deprived of the custody of said child, Mildred Watts, and further, that said child, Mildred

Watts, be given to plaintiff herein, Caroline E. Watts, until the further order of the court.''

Over the joint motion of appellants for a new trial, assigning insufficiency of the evidence, and other grounds, the court rendered judgment upon its finding, depriving the defendants of the custody of the child, and awarding it to its natural mother, appellee herein.

Counsel for appellants assail the method by which this action was instituted; or, in other words, they contend that it should have been an action in *habeas corpus* to obtain possession of said child. But, as previously herein stated, the action was in the nature of a *habeas corpus*, and to all intents and purposes it was a proceeding of that character. It is true, as counsel for appellants contend, that the complaint was not verified, but they appeared in the lower court and acquiesced in this omission. At least they made no objections upon this ground. They could have presented that question to the lower court, if they desired, by a motion to strike the complaint from the files, which would have been a proper procedure. Under the circumstances, the verification of the complaint must be considered as having been waived by appellants in the lower court.

It is further insisted that appellee, the natural mother of the child, did not have the right to institute and maintain this action; that the suit should have been brought by the State of Indiana on the relation of some interested person. This contention cannot be sustained. The right of appellee to maintain this suit in her own name is authorized by §1164 Burns 1908, §1107 R. S. 1881. See, also, *Willis* v. *Willis* (1905), 165 Ind. 325.

The complaint alleges facts showing the immorality of appellants to be such as to render them unfit to be intrusted with the care and custody of this infant child. The pleading in question was addressed to the sound legal discretion of the lower court, and under the facts

therein alleged—which were admitted to be true by the demurrer—it disclosed the immoral lives appellants were leading, and the evil influences surrounding the child, and certainly was sufficient to justify the court in exercising its discretion to deprive them of its custody. The contention of appellants, that the trial court did not have jurisdiction either over their persons or that of the child, is not supported by the record. As previously shown, they entered a full appearance in court and contested the action until it was finally determined against them. After suit was commenced, they appear to have removed the child beyond the jurisdiction of the lower court, but by order of the latter they were compelled to return the child, and produce it in court, subject to the order of that tribunal. In order to give the court jurisdiction over the person of the infant, it was not material, for that purpose, whether it was brought before the court in response to an order made, or writ issued by it, or whether it was produced before the court voluntarily by appellants.

The error, if any, committed by the court in sustaining demurrers to the second and fourth paragraphs of appellants' answer, was harmless, for the reason that if the facts therein alleged were admissible, they could be admitted under the general denial, which was the first paragraph of the answer.

It is further insisted by appellants' counsel that the judgment rendered in this cause was void, because it was rendered after the close of the term. The record, however, discloses that the hearing of this cause was in progress on Saturday, the last day of the September term, 1907, of the Wabash Circuit Court. Thereupon the court continued its sitting until the following Monday, at which time the cause was determined, and the judgment in question rendered. The continuance of the sitting of the court on the last day of the term over until the following Monday oper-

ated, so far as this case was concerned, as an extension of the term, and such term was not ended until the case had been fully disposed of by the court.

By §1658 Burns 1908, Acts 1885 p. 114, it is provided "that if at the expiration of the time fixed by law for the continuance of the term of any court the trial of a cause shall be progressing, such court may continue its sitting beyond such time. * * * And in such case, the term of said court shall not be deemed to be ended until the cause shall have been fully disposed of by the court." See, also, *Wayne Pike Co. v. Hammons* (1891), 129 Ind. 368; *Sutherland v. State* (1898), 150 Ind. 154.

While, perhaps, there may have been some irregularities in the proceedings leading to the final judgment, under the evidence in the case it may be said that the court 8. reached the correct result, and such irregularities, if any, may be disregarded. It would be of no profit in this case to advert to all the evidence given in the lower court. It is sufficient to say that it shows that both appellants are immoral persons, and that the surroundings of the child were such that if it were permitted to remain with appellants it might be led into the paths of evil.

Finding no available error in the record, the judgment below is in all things affirmed.