**YORK v. HOLT.**

No. 14130.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 25, 1940.

Braswell & Perfect, of Paris, for appellant.

R. E. Eubank, of Paris, for appellee.

DUNKLIN, Chief Justice.

On December 11th, 1937, on the application of the county attorney of Lamar County, John William Brent Holt, a minor under the age of 16 years, was by Judge George P. Blackburn, district judge of Lamar County for the 6th judicial district, declared to be a dependent, and his care and custody was awarded to his uncle, John Nichols Holt, a resident citizen of Lamar County. On August 21st, 1939, the uncle filed with Honorable Newman Phillips, district judge of Lamar County for the 67th judicial district, his duly verified application for a writ of habeas corpus to have the child taken from the custody of Mrs. A. B. York, respondent, and brought before the court and his care and custody ordered restored to the relator. His right to that relief was based on the former decree of the district court of the 6th judicial district, with allegations that under that decree relator had the care and custody of the minor, who is now 12 years old, until August 19th, 1939, when he was permitted to visit his grandmother, Mrs. A. B. York, who thereafter refused to permit him to return to the custody of relator, all without lawful cause and in fraud of relator's right to such custody.

The application for the writ of habeas corpus was presented to Judge Phillips on August 21st, 1939, who thereupon at first endorsed on it an order setting a day for its hearing, but before delivery thereof to the clerk of the court, he changed it and directed the issuance of a writ directed to

the sheriff commanding him to get the child and return him to the custody of the relator, in response to the amended prayer therefor made by relator at the suggestion of the judge, because the latter then knew of the former order of Judge Blackburn, awarding custody of the child to relator.

On the same day, to-wit, August 21st, 1939, custody of the child was by the sheriff restored to relator, in obedience to the writ issued by the clerk of the court on that order.

On August 23rd, 1939, respondent, Mrs. A. B. York, grandmother of the child, joined by her husband, A. B. York, filed her verified motion to have Judge Phillips set aside his order awarding custody of the child to relator, and grant a rehearing of the latter's application for the writ of habeas corpus, which was overruled, on August 31st, 1939; and from that ruling respondent has prosecuted this appeal.

The grounds alleged by respondent in the motion for rehearing of the application for the writ were, in substance, as follows: (a) Respondent was not given an opportunity to appear and answer the application, and for that reason the order made was not binding on her. (b) The petition for the writ was insufficient as a basis for its issuance for lack of a necessary party plaintiff, in that the copy of Judge Blackburn's order, which was attached to the petition for the writ as an exhibit, shows on its face that he placed the care and custody of the child in Mr. and Mrs. John Nichols Holt, jointly, and the application for the writ was by the husband alone. (c) The order was made on an ex parte hearing of the application therefor, without evidence introduced in support of it. (d) "The court erred in peremptorily entering the order and judgment complained of herein for by so doing he precluded respondent from making any defense to said action, respondent having a meritorious defense to the same in that she could have shown to the court that the said John Nichols Holt was not holding the said minor, John William Brent Holt, by and through any valid judgment or order of any court; that injustice has been done respondent by said order and judgment and that if this court had heard this cause upon its merits a different result would have been obtained."

Those grounds are brought forward in appellant's briefs as assignments of error upon which a reversal is sought.

No evidence was introduced upon a hearing of the motion for new trial. But upon respondent's motion therefor the court filed findings of facts, recited above, which are not challenged.

It is a well settled rule of decisions that in a proceeding of the character of this suit the paramount and controlling issue to be determined is the welfare of the child, and in whose custody his best interests will be achieved. The rights of conflicting claimants of his custody are to be determined as in other civil actions, by courts exercising broad equitable powers. 21 Tex.Jur., pp. 473-478. And in paragraph 53, p. 478, this is said:

"In rendering its judgment the court may award the custody of the child to one of the claimants or to some other proper person. It may also make the judgment effective by enjoining interference with the custody awarded. A judgment of this kind is res adjudicata of the facts existing at the time thereof, regardless of whether the decree was made in term time or in vacation, or whether it was rendered outside the county of domicile or by a foreign tribunal.

"When the circumstances have changed, however, a new suit may be brought, and the prior decree is not dispositive of rights under the changed condition."

Respondent has no property interest in the custody of the child; and the grounds alleged in her motion for a new trial in the court below were insufficient as against a general demurrer to show right of a rehearing of relator's petition for the writ of habeas corpus, for the following reasons: there is lack of allegation of any facts showing that since Judge Blackburn awarded custody of the child to relator upon a finding that he was a dependent and relator was a proper custodian of him, conditions have so changed that relator is no longer a proper custodian; and further, that respondent is able to properly care for and support him, and that it would be for his best interest to award his custody to her.

General allegations in the motion of the same character and purport of those specifically embodied in the paragraph copied above from the motion for new trial were mere conclusions and too general to serve as allegations of facts, while allegations of facts in relator's petition for the writ were sufficient to show he still is a

proper custodian of the child. 31 Tex.Jur., par. 123, p. 134, and par. 128, p. 140.

Appellant's complaint of insufficiency of the petition for the writ because of failure of relator's wife to join with him is without merit in the absence of any suggestion to the contrary, since it would be conclusively presumed that the custody awarded to relator would be shared by his wife, equally with him, at all events.

All assignments of error are overruled, and the judgment complained of is affirmed.