## BELLEHUMEUR v. BEAVER, Immigration Inspector.

### No. 135.

District Court, Middle District of Pennsylvania.

March 30, 1943.

No appearances.

JOHNSON, District Judge.

The petitioner, Gaston Bellehumeur, has filed in this Court his petition for a writ of habeas corpus directed against Roscoe S. Beaver, Immigration Inspector, respondent. The petition states that Gaston Bellehumeur has served over one-third of his sentence and has been granted a parole by the United States Board of Parole, effective March 1, 1943, for the purpose of deportation to Canada, and further alleges that the inspector in depriving the petitioner of his release "failed in his duty to exercise sound and limited discretion to the evident of the statute".

The contents of the entire petition fail to make clear the exact meaning of the matter quoted above.

It will not be necessary to inquire further into the meaning of this peculiar phraseology, because in connection with the petition there has been filed by the said Gaston Belleheumeur, his oath in forma pauperis. It is stated in the oath that the petitioner is a citizen of Canada and a resident of the Province of Ontario.

This is fatal to the action as presented to this court.

The Act of July 20, 1892, as amended June 25, 1910, and June 27, 1922, Title 28 U.S.C.A. § 832, limits the right to proceed in forma pauperis to citizens of the United States.

The right of a non-citizen to a writ of habeas corpus under R.S. § 753, Title 28 U.S.C.A. § 453, is limited to those cases where "being a subject or citizen of a foreign State, and domiciled therein, [he] is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order, or sanction of any foreign State, or under color thereof, the validity and effect whereof depend upon the law of nations; or unless it is necessary to bring the prisoner into court to testify."

This petitioner by his own declaration under oath is a citizen of Canada and a resident of the Province of Ontario and does not come within any statutory provision granting him the right to proceed in forma pauperis.

And now this 30th day of March, 1943, the petition is dismissed.