**NASH on Behalf of TAKESHI HASHIMO-TO et al. v. MacARTHUR, General of the Army et al.**

**Nos. 10589-10595.**

United States Court of Appeals District of Columbia Circuit.

Argued June 29, 1950.

Decided July 31, 1950.

Mr. Simon J. Nash, pro se.

Mr. Richard M. Roberts, Assistant United States Attorney, with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, were on the brief, for appellees.

Before STEPHENS, Chief Judge and PRETTYMAN and FAHY, Circuit Judges.

FAHY, Circuit Judge:

The petitioner Nash is a citizen of the United States. He has assisted as an attorney in the defense of seven Japanese nationals convicted of war crimes by military commissions established by the Commanding General, Eighth United States Army. The respondents are, respectively, the Commanding Generals of the United States Armed Forces, Far East Command, and of the Eighth United States Army, the Secretaries of Defense and of the Army, and the Joint Chiefs of Staff. The convicted persons are confined in prison in Japan by officers of the United States. In his own name, on behalf of each prisoner, Mr. Nash filed a separate petition in the United States District Court for the District of Columbia for a writ of habeas corpus and a declaratory judgment, attacking the validity of the convictions and consequent confinements. The District Court entered orders discharging rules to show cause which had issued and also dismissing the petitions. Thereupon the District Court granted leave to proceed on appeal without prepayment of costs, certified that the appeals were taken in good faith and were not frivolous, 28 U.S.C.A. § 1915(a), and directed the transcripts of the records to be furnished at Government expense. 28 U.S.C.A. § 1915 (b). The present petitions were then filed requesting leave to prosecute the appeals in this court *in forma pauperis*. No pleading in opposition was filed. Because of their importance we set the petitions for hearing. The United States Attorney filed a brief in opposition and the questions in-

volved were heard on briefs and oral arguments of the parties.

The petitions are entitled in the name of Mr. Nash "on behalf of" the seven named Japanese nationals and are signed by him. He also made the supporting affidavit that because of his poverty he is unable to pay the costs of appeal or to give security therefor, that he believes he is entitled to the redress he seeks in the appeals and that they are taken in good faith. He later filed a supplementary affidavit as to the like poverty of the persons confined. Respondents oppose the petitions on the ground that in reality the Japanese nationals are the appellants and, since they are not citizens of the United States, the court may not authorize the prosecution of their appeals *in forma pauperis.*

The applicable statute[1] reads:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. * * *" 28 U.S.C.A. § 1915.

This provision and its legislative predecessors have been construed uniformly to permit *in forma pauperis* proceedings only by citizens. Roberts v. United States District Court for the Northern District of California, 339 U.S. 844, 70 S.Ct. 954; Voorhees v. Cox, 322 U.S. 733, 64 S.Ct. 944,

88 L.Ed. 1567; Chapman v. Hunter, 324 U.S. 856, 65 S.Ct. 712, 89 L.Ed. 1414, Id., 324 U.S. 891, 65 S.Ct. 1021, 89 L. Ed. 1438; Neubeck v. Holmes, 1915, 44 App.D.C. 67;[2] United States v. Sevilla, 2d Cir., 1949, 174 F.2d 879; De Maurez v. Swope, 9 Cir., 1938, 100 F.2d 530; Johnson v. Nickoloff, 9 Cir., 1931, 52 F.2d 1074;[3] Bellehumeur v. Beaver, D.C.M.D.Pa. 1943, 49 F.Supp. 544; Blue v. Hiatt, D.C.M.D.Pa. 1944, 55 F.Supp. 107. See, also, the Bennington, D.C.N.D.Ohio 1925, 10 F.2d 799.[4] If, therefore, the appeals are those of noncitizens we may not authorize their prosecution *in forma pauperis.*

Mr. Nash does not assert any right in himself to the custody or release of the Japanese nationals.[5] It is true that in the form in which the papers are prepared he appears as appellant; but this is apparently on the mistaken theory that one who under 28 U.S.C.A § 2242[6] signs and verifies an application in behalf of the person for whose relief the application is intended becomes a real party in interest. We do not question in the circumstances of this case the propriety of the signing and verification by Mr. Nash of the applications for the writs in behalf of the prisoners. United States ex rel. Funaro v. Watchorn, C.C.S.D. N.Y. 1908, 164 F. 152; Collins v. Traeger, 9 Cir., 1928, 27 F.2d 842; Ex parte Dostal, D.C.N.D. Ohio 1917, 243 F. 664. This conforms with a practice which developed, and obtained legislative sanction, § 2242, supra, because "often for lack of time, as well as

1. The present statute is based on 27 Stat. 252 (1892) as amended by 36 Stat. 866 (1910), quoted *infra* note 2, and 42 Stat. 666 (1922), quoted *infra* note 3. In the original statute the portion here involved read the same as 42 Stat. 666 (1922).

2. The statute then read as follows:
   "That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal" could under certain conditions proceed *in forma pauperis.* 36 Stat. 866, ch. 435 (1910).

3. The statute provided:
   "That any citizen of the United States entitled to commence any suit or action, civil or criminal" could under certain con-

ditions proceed *in forma pauperis.* 42 Stat. 666, ch. 246 (1922).

4. The statute involved was the same as in note 3.

5. Compare with cases permitting a relative or guardian to obtain a writ of habeas corpus in his own name to determine his claim to the custody of a minor or ward. York v. Holt, Tex.Civ. App.1940, 144 S.W.2d 415; Watts v. Watts, 1911, 176 Ind. 334, 95 N.E. 1107; In re Riemann, Super.1890, 10 N.Y.S. 516.

6. "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. * * *" 28 U.S.C.A. § 2242.

because of infancy or incompetency, it would be impossible to present a petition signed and verified by the person detained". United States ex rel. Funaro v. Watchorn, supra, 164 F. at page 153. But one who so signs and verifies does not thereby become the applicant. We must treat these appeals as those of the persons for whom relief is sought in the applications for the writs, who are the real appellants. We look through the form in which the papers are prepared and regard them in their true character. We therefore must consider the petitions for leave to prosecute the appeals *in forma pauperis* as though they were amended or reformed so as to reflect that they are those of the Japanese nationals themselves, filed in their behalf by Mr. Nash. Otherwise the limitation to citizens of the benefits of the *in forma pauperis* statute would be nullified on the insubstantial basis of an incorrect heading or other erroneous method of preparing the papers in the case. Since the true petitioners are not citizens of the United States the statute does not authorize us to order the prosecution of their appeals *in forma pauperis*.

It is urged that if one who is a noncitizen is denied for that reason permission to proceed *in forma pauperis* on appeal from the denial of a writ of habeas corpus, the Due Process Clause of the Fifth Amendment is violated to his prejudice. But the persons detained are shown by the papers before us, without dispute, to be enemy aliens held in confinement in Japan as a result of convictions as war criminals by United States military commissions which were constituted and which functioned beyond the territorial jurisdiction of the United States. In these circumstances the recent decision of the Supreme Court in Johnson v. Eisentrager, 339 U.S. 763, 70 S. Ct. 936, is to the effect that the protection accorded by the Fifth Amendment does not extend to them.

We decide no more at this time, however, than that by reason of the foregoing the petitions to proceed *in forma pauperis* must be denied. Should the appeals nevertheless be prosecuted questions raised in them will remain for consideration. Furthermore, our holding that the appeals may not be prosecuted *in forma pauperis* is without prejudice to such applications as may be made for relief from costs of printing, or such other methods for reducing costs, as may be thought appropriate. See Miller v. United States, 1942, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179, and United States v. Sevilla, supra.

The petitions for leave to prosecute the appeals *in forma pauperis* are denied.