# GUSMAN *v.* MARRERO.

APPEAL FROM THE CIRCUIT COURT FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 223. Submitted December 3, 1900.—Decided January 7, 1901.

The purpose of the proceeding in this case was to deliver from the custody of the sheriff of the parish of Jefferson, Louisiana, a person who was under sentence of death for the crime of assault with intent to commit rape, of which he was convicted. The contention of the appellee was that this was not an application for *habeas corpus*, nor for a writ of mandamus, but was an ordinary action. The appellant not only concedes the fact, but asserts it. It follows necessarily that he has no cause of action. The same result would follow if the court regarded the proceeding as one in *habeas corpus*.

THE case is stated in the opinion of the court.

*Mr. A. A. Birney* and *Mr. A. L. Gusman* for appellant.

*Mr. Robert J. Perkins* for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The appellant has not ventured to give a specific name to this action. The appellee claims that it is not an application for a writ of *habeas corpus*, nor for writ of mandamus, (this word is used in the prayer of the petition,) but that it is "an ordinary action of which the appellant has no concern."

The purpose of the proceeding is to deliver from the custody of the sheriff of the parish of Jefferson, State of Louisiana, one Samuel Wright, who is under sentence of death for the crime of assault, with intent to commit rape, for which he was convicted in the twenty-first judicial district court for the parish of Jefferson.

The appellant's petition was filed in the Circuit Court of the United States for the Eastern District of Louisiana, and alleges that he appeared on behalf of Nathan Wright. It further alleges that Wright was convicted of criminal assault with intent to commit rape and sentenced to death, and that Marrero (appellee) as sheriff "proposes, under said sentence, and an order of execution lately received by him from Murphy J. Foster, governor, so called, of the State of Louisiana, to hang said Wright on February 9, 1900, until dead, and will do so unless restrained therefrom by this honorable court; . . . . that said conviction was obtained and sentence passed without due process of law, in direct violation of the Fourteenth Amendment of the Constitution of these United States; that the grand jury that indicted Wright consisted of only twelve members, whilst the fundamental law of the State, the constitution of 1879, imperatively requires that the grand jury shall consist of sixteen members, and that the assent of at least thirteen of these members shall be secured for the presentation of a true bill;" and "that these fatal departures from an indispensable due

process of law arose from the very erroneous beliefs of the hon. judge of said district court and of Governor Foster, that a so-called constitution of 1898 is the fundamental law of the State, and not that of 1879; that they erred, and that the latter is the real and valid constitution of Louisiana, petitioner in proof presents the following counts and pleas."

There is a specification of reasons, under eight "counts and pleas," why the constitution of 1898 is not the constitution of the State. The reasons are all reducible to the general and ultimate one that the constitution of 1898 was not adopted in pursuance of the provisions of the constitution of 1879, and "hence act No. 52 of 1896, (an act of the legislature,) generally known as the constitutional convention law, goes far beyond the limits of legislative authority, is *ultra vires* and absolutely null and void, and everything done under it equally null and void."

It is also alleged that certain other acts, to wit, acts Nos. 89 and 13 of 1896, are unconstitutional, because they reduce the number of registered voters, and therefore are "not in any sense an expression of sovereignty, and therefore of no force, effect or validity." The particular reasons given are that the acts are bills of attainder, *ex post facto* laws, violate the guarantees of the Fourteenth Amendment to the Constitution of the United States, take away suffrage without due process of law, make sweeping exemptions from additional qualifications of the suffrage based upon wealth and money, do not provide for ratification by the people of the State in compliance "with the provisions of the Federal Constitution exacting from every State of the Union a republican form of government."

The petition concludes as follows:

"Petitioner further shows in behalf of said Wright that the aforesaid insurrectionary, revolutionary, usurpative and unconstitutional proceedings compel him to go outside of the state courts, and to appeal to this hon. court for protection against an ordered extrajudicial murder, under the well-established maxim of constitutional law that state courts are not competent to pass upon the validity of the constitution under which

they themselves exist and from which they derive all their power.

"Wherefore, the above duly considered, petitioner prays for citation and service of petition upon the aforesaid Lucien H. Marrero, sheriff of the parish of Jefferson, State of Louisiana, commanding him to show cause, if any he has, why the said Nathan Wright, now in his illegal and wrongful custody, should not be by him set at liberty.

"Petitioner further prays that, after all necessary services, legal delays and due trial, there be judgment by this hon. court mandamusing and ordering the said Lucien H. Marrero, sheriff of the parish of Jefferson, to restore Nathan Wright to that liberty he has been wrongfully depriving him of.

"Finally, petitioner prays for such general and special relief for said Wright as the law and evidence may on trial show him entitled to receive.

"Respectfully submitted.<br>(Signed) "A. L. GUSMAN.

"Before me, the undersigned authority, personally appeared A. L. Gusman, to me known, who, being first by me duly sworn, says that the above facts and allegations are true and correct; that the aforesaid Wright has no adequate legal remedy in the state courts of Louisiana for the denial of due process of law, of which he is the victim, and that his only avenue of escape from an unconstitutional sentence of death is an appeal to this hon. court for justice and protection.

(Signed) "A. L. GUSMAN.

"This done and subscribed in my office, city of New Orleans, this 2d day of January, A. D. 1900.

[SEAL.] (Signed) "W. B. BARNETT, *Not. Pub.*"

Upon the filing of the petition and without any action of the court or of the Circuit Judge, the clerk or the court issued a citation, entitled in the cause and in the name of the President of the United States, to Lucien H. Marrero, sheriff of the parish of Jefferson, and summoned him to comply with the demand of the petition, (a copy of which accompanied the citation,) or

to deliver his answer in the office of the clerk of the court within ten days after service thereof, with increase of one day for every ten miles Marrero's residence was distant from New Orleans, the place where the court was held.

In due time Marrero, by attorney, filed exceptions to the petition on the ground that the court had no jurisdiction in the case, and on the ground that the petition disclosed no cause of action.

The answer concluded as follows:

"In the event that defendant's exception be overruled, and only then, defendant answers that he holds no prisoner named Martin Wright nor Nathan Wright, as alleged in plaintiff's petition, but that a man named Sam. Wright, now in his custody as sheriff of the parish of Jefferson, was tried and convicted on Monday, the 11th day of December, 1899, before the honorable the twenty-first judicial district court for the parish of Jefferson, presided over by Hon. Emile Rost, judge, of the crime of 'entering a dwelling house in the night time, armed with a dangerous weapon, and, having so entered, having made an assault upon the body of a girl therein residing with the felonious intent to commit rape.'

"Further answering, defendant alleges that, pursuant to a subsequent order of the court aforesaid sentencing him to be hanged, the said Sam. Wright was committed to custody of defendant to await a day to be fixed by his excellency the Governor of Louisiana for the execution of said Wright.

"Defendant alleges that Friday, February the ninth, has been fixed by the Governor of Louisiana for the execution of the orders of the said court.

"Whereupon defendant prays that plaintiff's petition be dismissed."

The exceptions were set down for trial for the 2d of February, 1900, at eleven o'clock, and the petitioner's counsel was ordered to be notified. On that day the exceptions came on to be heard, and were argued, submitted and sustained, and the petition was dismissed.

On February 5, 1900, the petitioner, by his counsel, moved for a new trial on the following grounds:

"First. That the court erred grievously and to Wright's prejudice and injury in holding that this is a mandamus suit. No writ is needed, none was asked, and the words ' mandamus ' and ' writ' are nowhere to be found in the petition. No perpetuation of the writ of mandamus that has no existence is either asked or denied. The petition and prayer shows that this is simply an ordinary action. The summons to the defendant Marrero evidences the same thing, and his exceptions and answer are additional proofs of this fact.

" Second. The court also erred grievously when it refused to allow a trial of the merits of the question, since this was necessary in order to show whether or not Sheriff Marrero, in holding Wright in forcible custody under an assumption of governmental authority, was not invading Wright's constitutional rights and guarantees without due process of law.

" Third. The court also erred grievously and injuriously in ruling that appearer's contentions as to jury trials and juries are untenable, on the grounds that Amendments 4, 5, 6, 7 of the Federal Constitution do not apply to state courts, as held by the United States Supreme Court in the 110 U. S. Supreme Court Report in a California case, the said court since then having held that they do.

" Fourth. That this hon. court furthermore grievously and injuriously erred in holding that appearer's eighth count involves a political question over which Congress alone has jurisdiction. This was once true, but it is so no longer, for Congress a number of years ago settled the question affirmatively, and it is now the duty of this court to enforce this decision just as much as it is its duty to enforce the provisions of the statutes of Congress.

" Fifth. The court additionally erred in holding that Wright had no valid right of action, since a resort to mandamus proceedings was not the proper remedy. As no such resort was ever made the decision is clearly erroneous."

The motion for new trial having been submitted to the court it was refused.

A petition for appeal was presented assigning as errors substantially the grounds stated in the motion for new trial, and

excepting to the court's action thereon. The appeal was allowed, and the case is here in consequence.

The contention of appellee is that this is not an application for *habeas corpus* nor for writ of mandamus, but is an ordinary action. The appellant not only concedes the fact, but takes pains to assert it. It follows necessarily that he has no cause of action. However friendly he may be to the doomed man and sympathetic for his situation; however concerned he may be lest unconstitutional laws be enforced, and however laudable such sentiments are, the grievance they suffer and feel is not special enough to furnish a cause of action in a case like this. The judgment of the Circuit Court must therefore be affirmed. Even if we regard the proceeding as one in *habeas corpus*, the same result would follow. *Davis* v. *Burke*, 179 U. S. 399.

*Judgment affirmed.*

MR. JUSTICE HARLAN took no part in the decision.