## Huxford *v.* Brown, *et al.*

### *Habeas Corpus.*

(Decided April 24, 1913.   62 South. 271.)

1. *Habeas Corpus; Petition; Sufficiency.*—Where the petitioner for a writ of habeas corpus makes affidavit without any qualification whatever to the allegations of the petition, the petition sufficiently complied with section 7010, Code 1907.

2. *Same; Persons Entitled to Relief.*—Construing together sections 7007 and 7010, it is held that a hirer of convicts from the proper authorities of the county can prosecute a writ of habeas corpus against another party having such convict in his custody under a contract of hiring, which had expired, notwithstanding Acts 1907, p. 179, as such superintendence and control of the board of commissioners is not inconsistent with the hirer's custody of the convict.

3. *Convicts; Contracts for Labor; Construction.*—A hirer of county convicts under a contract to commence February 14, 1910, and terminate February 14, 1912, had no right to the custody of the convicts after February 14, 1912, although he had paid in advance for the hire of some of them for their terms of hard labor extending beyond the date of the termination of his contract, whether he would be entitled or not to recover so much of the amount paid for each as represented the period of hard labor remaining to be served.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY, Judge.

Petition by J. W. Brown and another for a writ of habeas corpus directed to C. C. Huxford. From a decree granting the writ, defendant appeals. Affirmed.

Petitioner Brown represents himself as the hirer of the Monroe county convicts, and Hudson represents himself as the hard labor agent for such county, and they seek to get control of 13 convicts named, which are alleged to be in the custody and control of one C. C. Huxford; the allegation being that his custody is illegal and unauthorized by law. The petition is sworn to without qualification of any sort.

BARNETT & BUGG, for appellant. The affidavit to the information was not sufficient.—Section 7010, Code 1907; *Gipson v. The State*, 44 Ala. 17; *Ex parte Champion*, 52 Ala. 311. Habeas corpus will not lie, as the interest of the petitioners in the subject-matter is not sufficient.—*In re Poole*, 29 Am. Rep. 628; 21 Cyc. 288. The burden of proof rests on them.—21 Cyc. 322. The board of county commissioners are the only ones who can maintain this action.—Acts 1907, 179. The contract was not void, and respondent was entitled to the labor of the convicts until the price he had paid therefor was worked out.—*Diefenbach v. Vaughan*, 116 Ala. 150; *Sherwood v. Alvis*, 83 Ala. 115; *Trammel v. Lee County*, 94 Ala. 191. The return is taken as true unless denied. —*Bray v. The State*, 140 Ala. 172; 21 Cyc. 319.

HYBART & HARE, for appellee. That the verification of the certificate was sufficient, see authorities cited by appellant in their brief. The questions involved in this case are fully discussed and determined against the contentions of the appellant in the case of *Ossie v. The State*, 147 Ala. 152. If the county is due respondent money he has his remedy.—7 A. & E. Enc. of Law, 930.

[Huxford v. Brown, et al.]

Appellant was not entitled to have the judgment suspended.—*Shaw v. Pendry,* 9 South. 462; *State v. Burkstresser,* 137 Ala. 109.

WALKER, P. J.—The petitioners for the writ of habeas corpus, in making affidavit without any qualification whatever to the explicit averments of facts contained in the petition, more than complied with the requirement of the statute (Code, § 7010) that the application "must be verified by the oath of the applicant, to the effect that the statements therein contained are true to the best of his knowledge, information, and belief." The petition was not subject to objection on the ground that there had been a failure to comply with this requirement of the statute.

The statute (Code, §§ 7007, 7010) plainly permits an application for the writ of habeas corpus to be made by one person for the benefit of another, the cause of whose alleged imprisonment or restraint is sought to be inquired into. Conceding that this statute was not intended to authorize the issuance of the writ at the instance of a mere stranger having no relation of any sort to the person detained (21 Cyc. 289), yet it cannot be said of the present proceeding that it was instituted and conducted by persons so devoid of any interest in the matter. The petition described the persons whose alleged unlawful custody and restraint were sought to be inquired into as "county convicts of said Monroe county," and one of the petitioners was alleged to be "the hirer of Monroe county convicts by virtue of a contract with the proper authority of said county, and as such hirer entitled to their custody." These averments showed that that petitioner, instead of the person to whom the writ was prayed to be directed, was the one who was entitled to the custody of the convicts men-

tioned. There is nothing in the provisions of section 2 of the act, "To provide for the hiring, management, control, and inspection of county convicts" (Acts Sp. Sess. 1907, p. 179; Criminal Code, p. 422), to indicate that one to whom county convicts have been hired, as authorized by the statute, is not a proper person to raise a question as to their unlawful restraint by another who is without right to have the custody of them. The possession and exercise of the rights and powers of superintendence and control of convicts sentenced to hard labor for a county which by the terms of that section are conferred upon the court of county commissioners, or board of revenue, when such convicts are worked or hired in the county where convicted, but otherwise upon the board of inspectors of convicts, are not at all inconsistent with the maintenance, by the hirer of such convicts, of the custody of them to whom he is entitled under lawful contract. On the contrary, it is contemplated by the statute that the superintendence, direction, and control provided for are to be exercised while such convicts are in the custody for which the law makes provision.

By his return to the writ, the person to whom it was directed claimed that he was entitled to the custody of the convicts held by him under a contract bearing date February 14, 1910. One of the provisions of this contract, a copy of which was made an exhibit to the return, was "that this contract is to commence on the 14th day of February, 1910, and terminate on the 14th day of February, 1912." The petition for the writ of habeas corpus was filed on April 12, 1912. At that time, and at the time of the appellant's return to the writ, whatever rights he may ever have had under the contract upon which he relied had by the plain terms of it expired. His claim of the right to retain the

[Huxford v. Brown, et al.]

custody of convicts who had been delivered to him prior to February 14, 1912, and whose terms of hard labor had not expired when the writ was sued out and the return to it made, was based upon the circumstance that, pursuant to a requirement of the contract, he had, on the delivery of the convicts to him, paid in advance for the hire of them, at the stipulated monthly rate, for the periods of hard labor as imposed by the respective sentences, with the result that, at the date named in the contract for its expiration, he had the custody of convicts for whose hire for periods extending beyond that date he had already paid. We are not of opinion that this provision of the contract, and the appellant's compliance with it, can be given the effect of extending his right to the custody of such convicts beyond the date which, by the plain and explicit words of the contract itself, is made the time limit of any right of the appellant under it. Whether or not he is entitled to have repaid to him so much of the amounts which he had paid in advance as represented the hire of convicts for the periods of hard labor still remaining to be served at the date of the termination of the contract, he cannot sustain a claim that he continued to be entitled to the custody of the convicts after the expiration of the period to which any right in him to their custody was limited by the contract. As at the time of the issuance of the writ and of the return to it the appellant was without any right to the custody of the convicts in question, he cannot complain of the order made by the court in reference to the disposition to be made of them.

Affirmed.