## MORTON v. HENDERSON, Warden.
### No. 9804.

Circuit Court of Appeals, Fifth Circuit.
Oct. 21, 1941.

W. D. Lanier and Max Rubenstein, both of Augusta, Ga., for appellant.

Roy V. Harris, of Augusta, Ga., and W. H. Lanier, of Metter, Ga., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and UNDERWOOD, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment quashing a writ of habeas corpus and remanding petitioner to the custody of the warden. The judgment is challenged here on the ground that it was rendered after the state court had lost jurisdiction of the case by proceeding in violation of the defendant's rights guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

Appellant was indicted and tried for the crime of murder in a state court of Georgia. He was then and is now represented by two competent attorneys employed by him. When the case had been submitted to the jury, both of defendant's counsel voluntarily left the courtroom without the consent or knowledge of the judge. They still were absent when the jury reported that it had reached its verdict; whereupon the judge dispatched a bailiff to search for the attorneys. When the diligent search failed to disclose their whereabouts, the judge received the verdict of the jury, polled the jury, and entered judgment upon the verdict. Immediately thereafter the attorneys returned to the courtroom and discovered what had been done. The accused was present during the entire proceedings. No counsel was appointed by the court to represent the accused during the brief absence of his regularly employed attorneys.

After a motion for a new trial had been overruled, Morton appealed to the Supreme Court of Georgia, claiming that the action of the trial judge in proceeding with the case in the absence of defendant's counsel deprived the defendant of his right to

have counsel for his defense, and of his right to defend with the aid of counsel, as guaranteed to him by Article 1, Section 1, Paragraph 5, and by Article 1, Section 1, Paragraph 4, respectively, of the Constitution of the State of Georgia. The Supreme Court of Georgia found no merit in these contentions, and affirmed the judgment. Morton v. State, 190 Ga. 792, 10 S.E.2d 836. Without further appellate proceedings or further proceedings of any kind in the state court, Morton filed his petition for a writ of habeas corpus in the United States District Court, contending, for the first time, that the action of the trial court aforesaid violated his rights guaranteed to him by the Sixth and Fourteenth Amendments to the Constitution of the United States.

This brief history discloses a question of jurisdiction and procedure which is to be disposed of before reaching the question on the merits. It is whether or not the federal courts may or should intervene by habeas corpus to determine the constitutionality of proceedings in the courts of a state before all remedies existing by appeal or otherwise have been exhausted upon all issues raised or which might have been raised in the state court.

 The decisions leave no doubt that, ordinarily, the writ of habeas corpus may not be used to serve in place of an appeal or writ of error.[1] Nor will the administration of justice in the criminal courts of a state be interfered with, and possibly defeated, by the premature intervention of a federal court upon habeas corpus. State courts in Georgia provide appellate machinery for the protection of federal rights. After sentence has been imposed in the state court, judgment entered thereon, motion for new trial overruled, and appeal taken by defendant, duly represented by attorneys, to the highest court of the state, errors based on federal rights, as well as those based on state rights, may be raised and determined in said appellate court of the state; and the judgment of the appellate court, if not reversed, is res judicata, not only of those issues which were actually raised and determined, but also those which might have been raised. Defenses based on federal rights must be shown to have been inadequately protected in the state court, not merely inadequately presented, before resort may be had to the remedy of habeas corpus in the federal courts.[2]

 There is nothing in the case at bar which demonstrates the necessity for extraordinary treatment, and the failure to seek relief by ordinary and proper methods is not excused.

The judgment of the court below is affirmed.

---

[1] Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91; Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983; United States v. Valante, 264 U.S. 563, 44 S.Ct. 411, 68 L.Ed. 850; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

[2] Robb v. Connolly, 111 U.S. 624, 48 S.Ct. 544, 28 L.Ed. 542; Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Pepke v. Cronan, 155 U.S. 100, 15 S.Ct. 34, 39 L.Ed. 84; Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422; Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969. Cf. Gusman v. Marrero, 180 U.S. 81, 21 S.Ct. 293, 45 L.Ed. 436; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962. See, also, Mooney v. Holohan, 294 U.S. 103, page 113, 55 S.Ct. 340, page 342, 79 L.Ed. 791, 98 A.L.R. 406, in which the court said:

"Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution. Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542. In view of the dominant requirement of the Fourteenth Amendment, we are not at liberty to assume that the state has denied to its court jurisdiction to redress the prohibited wrong upon a proper showing and in an appropriate proceeding for that purpose."