**James WILSON, Relator and Best Friend of Clifford Jefferson, Appellant,**

**v.**

**Fred DIXON, Warden of the California State Prison at San Quentin, California, Appellee.**

**No. 15816.**

United States Court of Appeals
Ninth Circuit.

May 29, 1958.

James Wilson, in pro. per., Jack Tenner, Los Angeles, Cal., for appellant.

Edmund G. Brown, Atty. Gen., Doris Maier, Wm. O. Minor, Deputy Attys. Gen., for appellee.

Before DENMAN, POPE and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

Wilson, a convict confined in the Folsom State Prison at Represa, Sacramento County, California, suing as the next friend of Clifford Jefferson, a convict

confined under sentence of death for a violation of § 4500 of the West's Ann. California Penal Code [1] in the San Quentin State Prison, Marin County, California, appeals from a denial of his application for a writ of habeas corpus seeking to set aside Jefferson's death sentence.

On March 18, 1957, Jefferson had filed his own petition for writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division, numbered 36282 on the files of that court. After a hearing in the case, the court denied the petition for habeas corpus on April 16, 1957. A certificate of probable cause was granted and a notice of appeal filed on April 29, 1957. After briefs were filed and the matter argued, this court on November 15, 1957, affirmed the order of the District Court. (Jefferson v. Teets, 9 Cir., 248 F.2d 955.) A petition for writ of certiorari to the United States Supreme Court was denied on March 3, 1958. (355 U.S. 967, 78 S.Ct. 559, 2 L.Ed.2d 542.)

Wilson's sole pertinent contention is stated in his following question:

"1. Is Section 4500 of the Penal Code of California unconstitutional because of the Discriminatory and unequal application of its provisions by the District Attorney of Sacramento County who prosecuted Two Negroes serving Life Sentences for Assault upon a Guard and another Prisoner; but never prosecuted White Inmates serving Life Sentences for Assault upon a Custodial Officer or other Prisoners? Is this a violation of the Equal Protection of the Law Clause of the Fourteenth Amendment?"

Nowhere has Jefferson nor Wilson in his behalf sought relief under this contention by a habeas corpus proceeding in any California court and hence we are without jurisdiction to consider it, 28 U.S.C. § 2254 providing:

"2254. State custody; remedies in State courts.

"An *application* for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." [Emphasis supplied.]

Underlying this absence of jurisdiction of the subject matter, is the absence of jurisdiction in personam in Wilson. Title 28 U.S.C. § 2242 recognizes the right of one person to sue for habeas corpus to secure the release of another person in the following words:

"§ 2242. Application.

"Application for a writ of habeas corpus shall be *in writing signed and verified* by the person for whose relief it is intended *or by someone acting in his behalf.*" [Emphasis supplied.]

However, that right exists only when the application or complaint for the writ sets forth "some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint and who 'the next

---

1. People v. Jefferson, 47 Cal.2d 438, 303 P.2d 1024, certiorari denied 352 U.S. 1029, 77 S.Ct. 597, 1 L.Ed.2d 600. Section 4500 provides: "Assault with deadly weapon, etc.; life prisoner; death penalty. Every person undergoing a life sentence in a State prison of this State, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, is punishable with death."

friend' is. It was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends. Gusman v. Marrero, 180 U.S. 81, 21 S.Ct. 293, 45 L.Ed. 436." United States v. Houston, 2 Cir., 273 F. 915, 916. Here not only does the application fail to make any such showing but on the contrary Wilson himself complains that he advised Jefferson's attorney in his own habeas corpus proceeding of the above contention and that attorney, of outstanding ability, failed to follow his advice.

The judgment is affirmed.