**Betty EVANS, Individually and as next friend acting on behalf of John Louis Evans, III, Plaintiff,**

v.

**Larry BENNETT, Commissioner, Alabama Correctional System, and Joseph Oliver, Warden, Holman Unit, Respondents.**

Civ. A. No. 79–0183–H.

United States District Court,
S. D. Alabama, S. D.

April 3, 1979.

John L. Carroll, Montgomery, Ala., for plaintiff.

Edward S. Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondents.

## MEMORANDUM OPINION

HAND, District Judge.

The petitioner is the mother of inmate John Louis Evans, III and has brought this suit as his next friend seeking a stay of his execution, presently scheduled for 12:01 a. m. on April 6, 1979, and various other relief afforded by the federal habeas corpus statute, Title 28, U.S.C.A., § 2254.

John Louis Evans, III, was indicted for first degree murder in connection with the killing of storekeeper Edward A. Nassar. The indictment alleged that he shot him with a pistol while in the commission of a robbery. This was a capital felony for which the death penalty might be imposed under section 13–11–2 of the *Alabama Code*. After trial, the jury found Evans guilty of capital murder and fixed his punishment at death by electrocution, and no mitigation of the punishment was ordered by the trial court. The conviction and the sentence were upheld by the Alabama Court of Criminal Appeals and the Supreme Court of Alabama. *Evans v. State of Ala-*

*bama*, 361 So.2d 654 (Ala.Crim.App.1977); *Evans v. State of Alabama*, 361 So.2d 666 (Ala.1978). Following the United States Supreme Court's denial of certiorari on February 20, 1979, the Alabama Supreme Court set an execution date of 12:01 a. m., April 6, 1979. Inmate Evans has not, to this Court's knowledge, sought any form of post-conviction relief in his own behalf.

In her petition on behalf of John Louis Evans, III, Betty Evans, (hereafter petitioner) alleges that she is the "next friend" of John Louis Evans, III, that John Evans' constitutional rights under the Eighth and Fourteenth Amendments were violated by virtue of having been sentenced pursuant to section 13–11–2 of the *Alabama Code*, which she alleges to be unconstitutional, and that the trial court in which John Evans' conviction was obtained erred in failing to instruct the jury on the elements of robbery. The petitioner requests that this Court stay the scheduled execution pending a hearing on the merits of the claims raised by the habeas petition, and that the Court grant such further relief as John Evans may be entitled to following such a hearing.

The matter came on for hearing before the Court of the oral arguments by counsel for all parties on April 3, 1979 at 4:00 o'clock p. m. The only issue considered by the Court is the question of whether the petitioner has any standing to bring a suit of this nature. Clearly if the cause of action is maintainable by this petitioner, then a stay is due to be granted pending a full hearing on the merits of the habeas petition. Conversely, if Mrs. Evans is without standing to participate in this type of action, then this Court is without authority to enter the requested stay.

The Court begins its analysis by noting that Congress has specifically approved the practice of habeas corpus filings by one person acting on behalf of another. Title 28, U.S.C.A., § 2242 provides that "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." This practice was allowed in *United States ex rel. Funaro v.*

*Watchorn*, 164 F. 152 (2nd Cir. 1908), where the Second Circuit reasoned that a habeas petition may be verified by an inmate's attorney in case of infancy, incompetency, or lack of time. The Second Circuit has followed the rule up to the present. *See United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2nd Cir. 1974). Section 2242 is apparently addressed to such occasions.

■ Having concluded that next friend applications are permissible in habeas corpus cases, it remains for the Court to determine whether this is such a case that a next friend petition ought to be allowed. Both *Funaro* and *Preiser* limited the use of such applications to incidents of infancy, incompetency, or lack of time, and the Court is unpersuaded that any other grounds are permissible. In the instant case the inmate is over the age of majority and adequate time exists for him to verify his own petition, so the petitioner must fail unless the inmate is incompetent.

■ The only evidence presented to the Court in support of John Evans' incompetency is a sworn affidavit of a staff psychiatrist at the Mobile Mental Health Center. The psychiatrist, who has not personally interviewed or otherwise examined John Evans, concludes from conversations with other individuals that John Evans is "not able to deal rationally with his situation and . . . probably need[s] someone else to make legal decisions affecting his life for him." The affidavit further reveals that the doctor tried to arrange an interview between John Evans, himself, and a psychologist, but Evans refused to be evaluated. The evidence in rebuttal to the allegation of incompetency is quite strong. John Evans was evaluated prior to his murder trial and was determined fit to stand trial, and there is no indication of any intervening physical or mental disability arising between the time of trial and the filing of the petition in the instant case. Clearly one who is competent to stand trial is competent to make decisions as to the course of

his future. At no time prior to the filing of this petition, as far as the Court can ascertain, has John Evans' competency been questioned. The fact that Evans has elected not to pursue post-conviction remedies that would serve to forestall the impending execution is not controlling, since it may well be, as the media has advertised, that John Evans has confronted his option of life imprisonment or death by execution and has elected to place his bets on a new existence in some world beyond this. The Court finds no evidence of irrationality in this; indeed, in view of the allegations in the case of *Jacobs v. Locke*, the death row conditions of confinement case presently pending in this Court, it may well be that John Evans has made the more rational choice. In any event, this Court is not persuaded that John Evans is incompetent merely from a professional opinion rendered on hearsay information.[1]

■ The Fifth Circuit has recognized that the filing of a next friend application is uncommon, but it has acknowledged that it is proper in limited situations. *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978). In *Weber*, the Fifth Circuit set out the guidelines for district court approval of next friend status in such cases:

> First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when application for the writ establishes some reason or explanation, satisfactory to the court, showing (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next-friend."
>
> \* \* \* \* \* \*
>
> Third, when the application for habeas corpus filed by a would be "next-friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next-friend" device, the Court is without jurisdiction to consider the petition.

---

1. Evans' attorney stated during the hearing that he had observed no change in Evans' mental condition in the past two years, but of course this counsel is without any training in psychiatry.

*Weber,* supra at 513–14. The Court finds the instant petition defective in that the reason forwarded by the petitioner for the inmate's failure to verify the petition, *i. e.,* incompetency, is not supported by credible evidence, that Betty Evans is not entitled to next friend status by reason thereof, that, accordingly, this Court has no jurisdiction over. the action, and the action must therefore be DISMISSED and the stay DENIED.

Even assuming *arguendo* that a reading of the cases would allow a broader range of "next friend" applications than in just limited time, infancy, and incompetency cases, the Court is of the opinion that Mrs. Evans' petition must fail. The record reveals without a doubt that John Evans has had a full and fair chance to pursue his post-conviction remedies, and that he has elected not to do so. At no time has he expressed that he is innocent of the crimes charged or that he was denied any fundamental rights during the trial of this cause; indeed, John Evans' biggest quarrel at this time seems to be with those, such as the petitioner herein, who would interfere with his ordered execution. Attorneys for the defendants have supplied the Court with communications from John Evans to the Supreme Court of Alabama indicating his desire to be executed, and the media coverage of John Evans' travails would certainly indicate that this is his desire. A next friend status is conferred on those who act for another as that other would do but for an intervening incapacity. Here there is no evidence of incapacity and it cannot be said that Betty Evans is acting as John Evans would act were he available to act. While this Court is dedicated to the proposition that there should not be a rush to judgment in that the irretrievable sentence of death should be carried out only after all available challenges have been made, here there is nothing to convince the Court that John Evans desires any further challenge and the Court is of the opinion that the petitioner is not acting as the next friend of the inmate and thus has no standing to bring this action. *See, e. g., Gilmore v. State of Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (Burger, C. J., concurring). As the Ninth Circuit has stated, "[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Wilson v. Dixon,* 256 F.2d 536, 538 (9th Cir. 1958).