*Compressor (sic) v. Big Chief Const. Co. ... is expressly overruled.*

*Id.* at 255.

Because of its reliance on *Air Compressors, Inc.* the district court did not reach the issues of adequate protection, 11 U.S.C. § 363 (Supp. III 1979), administrative expenses, 11 U.S.C. § 503(b) (Supp. III 1979), or the state requirement of written evidence of the assignment, La.Rev.Stat.Ann. § 9:3105 (West Supp.1982). Consequently, we reverse the district court's decision and remand for consideration of the above issues.

REVERSED and REMANDED.

**UNITED STATES of America and Albert Rodriguez, Jr., Plaintiffs-Appellees,**

v.

**George W. MEEKS, As President of St. George Company, Defendant-Appellant.**

No. 80–2370.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1983.

Ronald P. Guyer, San Antonio, Tex., for defendant-appellant.

Michael L. Paup, Chief, Tax Div., Charles E. Brookhart, Richard N. Bush, Attys., John F. Murray, William A. Whitledge, Charles E. Brookhart, Glenn L. Archer, Jr., Asst. Attys. Gen., U.S. Dept. of Justice, Washington, D.C., for plaintiffs-appellees.

ON REMAND FROM THE UNITED
STATES SUPREME COURT

Before CLARK, Chief Judge, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

George W. Meeks was the president and one of two stockholders of the St. George Corporation. The corporation was under investigation by the Internal Revenue Service. On June 12, 1979, the district court ordered Meeks to appear before the IRS and to produce records of the corporation. In response, Meeks appeared in person before an IRS agent ten days later. At that time he indicated he had access to a great many corporate records, and he made inquiry concerning requesting transactional immunity. Immunity was not granted.

On August 21, 1979, the district court again ordered him to appear before the IRS on September 13 and produce the records. He did appear and produced a few documents which were of little or no use. He then told the agent he did not have and could not locate other corporate records.

On October 30, 1979, a show cause hearing was held and the court ordered Meeks to produce the documents on November 16, 1979. Three days before that scheduled appearance he filed a notice of appeal from the October 30 order and a motion to stay the district court's order. The stay was granted.

On March 11, 1980, we dismissed Meeks' appeal for want of prosecution and for failure to file his brief. Over five months later, on August 22, 1980, the IRS filed a motion for an order to enforce the summons for the documents. The district court issued another order calling upon Meeks to produce the records on October 6, 1980. Meeks appeared on October 6, but refused to answer any specific questions on the ground that the answers might tend to incriminate him.

Another show cause hearing was held on November 25, 1980. Meeks refused to testify but submitted a declaration to which he was willing to swear that he had provided the IRS with all the records he had in his possession which were covered by the summons. He refused to answer any further questions on the ground the answers might

tend to incriminate him. The court refused to accept the proffered declaration.

At the conclusion of this hearing, the district court made a finding that the records did then exist or, in the alternative, had been in existence prior to the June 12, 1979, summons. Meeks was adjudged in civil contempt. His confinement was ordered until he purged himself of the contempt by complying with the summons or testifying to explain why he could not produce the corporate records.

This three judge panel by a divided vote vacated the order of the district court on the ground that forcing Meeks either to produce the records or to testify to explain why he could not produce them infringed upon his privilege against self-incrimination. 642 F.2d 732 and 642 F.2d 733.

On April 19, 1983, the United States Supreme Court decided a similar case, *United States v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). On May 2 of this year, the Supreme Court —— U.S. ——, 103 S.Ct. 1889, 77 L.Ed.2d 280, granted certiorari in this case involving Meeks, and on the same day it vacated our judgment and remanded the case to this Court for further consideration in the light of its decision in *United States v. Rylander.*

At our request, the parties filed supplemental briefs to evaluate the effect of the *Rylander* decision upon this case. We have carefully considered the Supreme Court's decision in *Rylander* and the briefs of the parties.

■ *Rylander* involved facts almost identical with those in this case. The IRS summons had to do with business records. It is well established that individuals issued a summons to supply business records cannot claim a privilege against self-incrimination as against furnishing such records. *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). Rylander refused to respond to the original summons. The district court found as a fact that the corporate records subpoenaed were in existence at that time. Rylander undertook to establish at the contempt hearing that he did not possess the records. He offered a sworn statement but accompanied it with a refusal to be cross-examined on the ground that any further testimony was subject to the claim of privilege against self-incrimination. The district court refused to accept the sworn statement and found Rylander in contempt of court.

The Court of Appeals for the Ninth Circuit reversed the district court on the ground that if Rylander was unable to comply with the summons, he could not be held in jail under a civil contempt order with the alternative either of furnishing records he could not furnish or of sacrificing the claimed privilege against self-incrimination by testifying to establish that the records were no longer in his possession or control. This is the same ground upon which we had relied in reaching our decision.

The United States Supreme Court reversed the Ninth Circuit and upheld the civil contempt order of the district court. The Court first reasoned that the district court had made a finding that the records were in existence at the time of the original summons and were subject to Rylander's control. If they were not in existence at that time, or he would not furnish them, that issue should have been litigated at that time.

The Court then concluded that the obligation of proof that the records no longer could be furnished at the time of the contempt hearing lay wholly upon Rylander. The Court emphasized that the issue was limited to whether the records were subject to being produced by Rylander at the time of the contempt hearing. Rylander could not in the contempt hearing litigate the issue of whether the records were subject to being produced by Rylander at the time of the original summons. If Rylander's testimony was the only way he could prove that the records were no longer in his possession or control, his claim of the privilege against self-incrimination had to yield. The Court held that such a rigorous choice could properly be placed upon Rylander. The Court analogized Rylander's situation to that of a criminal defendant who has no way to offer

proof as to his innocence without offering his own testimony and by so doing yielding his claim of the privilege against self-incrimination.

The Court concluded that a claim of privilege against self-incrimination cannot substitute for evidence. The only way that Rylander could escape the contempt conviction on the ground the records no longer were in his possession or control was by the submission of evidence, and none was submitted.

■■■ The *Rylander* decision fully controls the case of George Meeks. The district court made a finding of fact that the records were in existence at the time the original summons was issued. Meeks could have litigated the validity of the original summons. He even filed an appeal from the court's original show cause order, but he let it lapse and the appeal was dismissed.

Under the reasoning in *Rylander,* the only issue Meeks could litigate in the final hearing in which he was found guilty of contempt was the issue of his inability to produce the corporate records at the time of that contempt hearing. He introduced no evidence because he claimed the privilege against self-incrimination. The privilege against self-incrimination cannot substitute for evidence. The obligation of proof was wholly on Meeks.

On the basis of our reconsideration of our decision in the light of the Supreme Court's decision in *Rylander,* we conclude that our decision vacating the finding of contempt by the district court was in error. We affirm the order of the district court finding George Meeks in civil contempt until he produces the records or explains why he cannot produce them.

AFFIRMED.