**In re Clarence W. STEINBRECHER, on Behalf of George MEEKS.**

**Cause No. SA–84–CA–2026.**

United States District Court, W.D. Texas, San Antonio Division.

Oct. 9, 1984.

Clarence W. Steinbrecher, pro se.

## AMENDED MEMORANDUM ORDER SUMMARILY DISMISSING PETITION

SESSIONS, Chief Judge.

Clarence W. Steinbrecher has filed this *habeas corpus* petition under 28 U.S.C. § 2241 on behalf of George Meeks. The petition alleges that Meeks is unable to act for himself and is being incarcerated by the United States Marshal in violation of his constitutional rights. For the following reasons, the Court will summarily dismiss the petition for lack of jurisdiction.

Title 28, United States Code, Section 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." A "next friend", however, may not file a petition in every case in which the person actually detained might file a petition.

> First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next-friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

*Weber v. Garza,* 570 F.2d 511, 513–14 (5th Cir.1978).

In this regard, the instant petition merely alleges that George Meeks is "unable to act for himself" and that he is "presently in the custody of the United States Marshal and is confined somewhere in the United States Prison System and believed to be at a place called Reno [sic] Oklahoma." The petition alleges nothing with respect to the relationship between Clarence W. Steinbrecher and George Meeks. On this basis alone, then, the Court would be constrained under *Weber v.*

*Garza* to dismiss the petition for lack of jurisdiction. In addition, dismissal is supported by further examination into the merits of the petition.

■ George Meeks is presently incarcerated under an adjudication of civil contempt by Judge D.W. Suttle of this Court in *United States of America v. George W. Meeks, As President of St. George Company*, SA–79–CA–287 (W.D.Tex. November 25, 1980). The facts surrounding this adjudication can be found in *United States v. Meeks*, 719 F.2d 809 (5th Cir.1983). This Court now takes judicial notice of the file in SA–79–CA–287.

■ On March 9, 1984, Judge Suttle held an evidentiary hearing to allow George Meeks to present evidence of his claimed inability to comply with the order holding him in contempt. After the hearing, on April 5, 1984, Judge Suttle found that "as of the date of this order, the respondent's commitment has not lost its coercive power and that there is substantial likelihood that his continued confinement will accomplish the purpose set forth in the *Order Holding Respondent in Contempt*." *United States of America v. George W. Meeks, As President of St. George Company*, SA–79–CA–287 (W.D.Tex. April 5, 1984) (Order denying Respondent's request for release from confinement). Meeks filed a notice of appeal from Judge Suttle's order and that appeal is currently pending before the United States Court of Appeals for the Fifth Circuit under Cause Number 84–1407. The usual rule is that a *habeas corpus* action will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the habeas action moot. *Welsh v. United States*, 404 F.2d 333 (5th Cir.1968).

■ Furthermore, the petition filed by Steinbrecher alleges that Meeks' incarceration violates two Fifth Amendment prohibitions. First, Steinbrecher alleges that Meeks' incarceration violates his right against self-incrimination. Second, he alleges that Meeks' incarceration amounts to a deprivation of his liberty without due

process of law. The first contention has already been answered by the Fifth Circuit in the first appeal in SA–79–CA–287. Relying on the reasoning of *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 *reh'g denied*, 462 U.S. 1112, 103 S.Ct. 2466, 77 L.Ed.2d 1342 (1983), the Fifth Circuit affirmed Judge Suttle's order holding Meeks in civil contempt. The Court held that:

> Under the reasoning in *Rylander*, the only issue Meeks could litigate in the final hearing in which he was found guilty of contempt was the issue of his inability to produce the corporate records at the time of that contempt hearing. He introduced no evidence because he claimed the privilege against self-incrimination. The privilege against self-incrimination cannot substitute for evidence. The obligation of proof was wholly on Meeks.

*United States v. Meeks*, 719 F.2d 809, 812 (5th Cir.1983). This Court need not reconsider a claim that has been raised and disposed of on a previous appeal. *United States v. Rowan*, 663 F.2d 1034 (11th Cir. 1981).

[5] Steinbrecher's second contention is that Meeks' incarceration amounts to a deprivation of liberty without due process of law. In effect, Steinbrecher contends that a federal district court does not have the power to incarcerate for civil contempt; he contends that incarceration can only take place after a grand jury indictment and a petit jury trial. It is well established, however, that federal courts have inherent power to enforce compliance with their lawful orders through civil contempt. *See, e.g., Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

Accordingly, the Court dismisses this action summarily without prejudice for lack of jurisdiction. The Clerk is directed to furnish copies of this order and the judgment entered thereon to the United States Attorney, Clarence W. Steinbrecher, George Meeks, and the United States Court of Appeals for the Fifth Circuit.