The petitioner, Melvin Ray-El,[1] filed this petition for a writ of habeas corpus on behalf of K.L.R.B., a minor. In July 2002, K.L.R.B. was arrested for murder. His bail was set at $40,000, and he was released from custody. In September 2002, while on bail, K.L.R.B. was arrested for reckless endangerment, giving a false name, driving without a license, and eluding the police. A bail-revocation hearing was held, and Judge Lloyd H. Little, Jr., revoked K.L.R.B.'s bail. In October 2003, K.L.R.B. moved to have his bail reinstated. Judge Little denied the motion after a hearing. In all proceedings in the circuit court K.L.R.B. was represented by an attorney. In May 2004, Ray-El filed this original petition for a writ of habeas corpus in this Court on behalf of K.L.R.B. — and states that K.L.R.B. is a minor. The petitioner argues that K.L.R.B. is being *Page 1102 
held without the benefit of pretrial bail in violation of the United States Constitution.
The State has filed a motion to dismiss this petition, arguing that Ray-El has no standing to file this habeas corpus petition because, it argues, the petition contains no information, other than his assertion that K.L.R.B. is a minor, concerning why Ray-El filed the petition on K.L.R.B.'s behalf. It cites the United States Supreme Court case of Whitmore v. Arkansas,495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), in support of this assertion.
The United States Supreme Court in Whitmore v. Arkansas first had occasion to consider standing to file a federal habeas corpus petition under 28 U.S.C. § 2242. That statute states, in part: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." (Emphasis added.) InWhitmore, a death-row inmate filed a habeas corpus petition on behalf of a fellow inmate. The United States Supreme Court, in recognizing the concept of "next friend," stated:
 "most frequently, `next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves. E.g., United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n. 3[, 76 S.Ct. 1, 100 L.Ed. 8] (1955) (prisoner's sister brought habeas corpus proceeding while he was being held in Korea). As early as the 17th century, the English Habeas Corpus Act of 1679 authorized complaints to be filed by `any one on . . . behalf' of detained persons, see 31 Car. II, ch. 2, and in 1704 the House of Lords resolved `[t]hat every Englishman, who is imprisoned by any authority whatsoever, has an undoubted right, by his agents, or friends, to apply for, and obtain a Writ of Habeas Corpus, in order to procure his liberty by due course of law.' See Ashby v. White, 14 How.St.Tr. 695, 814 (Q.B. 1704). Some early decisions in this country interpreted ambiguous provisions of the federal habeas corpus statute to allow `next friend' standing in connection with petitions for writs of habeas corpus, see, e.g., Collins v. Traeger, 27 F.2d 842, 843 (C.A.9 1928); United States ex rel. Funaro v. Watchorn, 164 F. 152, 153 (S.D.N.Y. 1908), and Congress eventually codified the doctrine explicitly in 1948. See 28 U.S.C. § 2242 (1982 ed.) (`Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf') (emphasis added).
 "A `next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Morgan v. Potter, 157 U.S. 195, 198[, 15 S.Ct. 590, 39 L.Ed. 670] (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S.App.D.C. 268, 269-270, 184 F.2d 606, 607-608 (1950), cert. denied, 342 U.S. 838[, 72 S.Ct. 64, 96 L.Ed. 634] (1951). Most important for present purposes, `next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for `next friend' standing. First, a `next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Wilson v. Lane, 870 F.2d 1250, 1253 (C.A.7 1989), cert. pending, No. 89-81; *Page 1103 Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (CA8), cert. denied, 483 U.S. 1033[, 107 S.Ct. 3277, 97 L.Ed.2d 781] (1987); Weber v. Garza, 570 F.2d 511, 513-514
(C.A.5 1978). Second, the `next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, see, e.g., Morris v. United States, 399 F.Supp. 720, 722 (E.D.Va. 1975), and it has been further suggested that a `next friend' must have some significant relationship with the real party in interest. Davis v. Austin, 492 F.Supp. 273, 275-276 (N.D.Ga. 1980) (minister and first cousin of prisoner denied `next friend' standing). The burden is on the `next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. Smith, supra, at 1053; Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (M.D.Tenn. 1984).
 "These limitations on the `next friend' doctrine are driven by the recognition that `[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.' United States ex rel. Bryant v. Houston, 273 F. 915, 916 (C.A.2 1921); see also Rosenberg v. United States, 346 U.S. 273, 291-292[, 73 S.Ct. 1173, 97 L.Ed. 1607] (1953) (Jackson, J., concurring with five other Justices) (discountenancing practice of granting `next friend' standing to one who was a stranger to the detained persons and their case and whose intervention was unauthorized by the prisoners' counsel). Indeed, if there were no restriction on `next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of `next friend.'
". . . .
 "At the beginning of this century, the Court confronted a situation similar to this in which a concerned citizen sought to bring an ordinary civil action to secure relief for a condemned man. The Court's response on that occasion is equally apt today: `However friendly he may be to the doomed man and sympathetic for his situation; however concerned he may be lest unconstitutional laws be enforced, and however laudable such sentiments are, the grievance they suffer and feel is not special enough to furnish a cause of action in a case like this.' Gusman v. Marrero, 180 U.S. 81[, 21 S.Ct. 293, 45 L.Ed. 436] (1901)."
495 U.S. at 162-66, 110 S.Ct. 1717 (footnotes omitted). See Inre Steinbrecher ex rel. Meeks, 599 F.Supp. 87, 88 (W.D.Tex. 1984) (next friend status denied because "[t]he petition alleges nothing with respect to the relationship between [the petitioner and the detainee]"); Wilson v. Dixon, 256 F.2d 536, 538 (9th Cir. 1958) ("It was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends."); Evans v.Bennett, 467 F.Supp. 1108, 1110 (S.D.Ala. 1979) (mother of death-row inmate over the age of majority could not file habeas corpus petition on her son's behalf when there was no showing that son was incompetent).
Alabama's habeas corpus statute, § 15-21-4, Ala. Code 1975, reads, in part: "Application for a writ of habeas corpus must be made by petition, signed either by the party himself for whose benefit it is intended or by some other person on hisbehalf. . . ." (Emphasis added.) This wording is virtually identical to the wording in 28 U.S.C. § 2242.
Although Alabama courts have not had occasion to apply this concept to Alabama's *Page 1104 
habeas corpus statute, we believe that there is precedent for adopting the next-friend limitation to the filing of habeas corpus petitions. In Huxford v. Brown, 7 Ala.App. 447, 449,62 So. 271, 272 (1913), the court stated:
 "The statute ([Ala.] Code [1907], §§ 7007, 7010) [now codified in § 15-21-4] plainly permits an application for the writ of habeas corpus to be made by one person for the benefit of another, the cause of whose alleged imprisonment or restraint is sought to be inquired into. Conceding that this statute was not intended to authorize the issuance of the writ at the instance of a mere stranger having no relation of any sort to the person detained. . . ."
(Emphasis added.)
The United States Court of Appeals for the Fifth Circuit, inWeber v. Garza, 570 F.2d 511 (5th Cir. 1978), detailed the requirements for satisfying "next friend" status. The court stated:
 "Over the years, a small body of case law has developed around the question of when a `next friend' application is appropriate. Three principles, which control the resolution of the issue raised here, can be distilled from the precedents. First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be `next-friend.' Second, individuals not licensed to practice law by the state may not use the `next friend' device as an artifice for the unauthorized practice of law. The `next friend' expedient, which on occasion may be essential to the efficacy of the `Great Writ,' may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be `next friend' does not set forth an adequate reason or explanation of the necessity for resort to the `next friend' device, the court is without jurisdiction to consider the petition."
570 F.2d at 513-14 (footnote omitted). The Court of Appeals for the Eleventh Circuit has approved of the Weber v. Garza
guidelines. See Evans v. Bennett, supra.
We hold that in order for a nonlawyer to file a habeas corpus petition on behalf of an incarcerated individual the petitioner must satisfy the requirements for next-friend status announced inWhitmore v. Arkansas and detailed by the Fifth Circuit Court of Appeals in Weber v. Garza. See also Cuyahoga County Bar Ass'nv. Spurlock, 96 Ohio St.3d 18, 770 N.E.2d 568 (2002) (applyingWhitmore holding to filing of habeas corpus petition);Calambro By and Through Calambro v. Second Judicial Dist.Court, 114 Nev. 961, 964 P.2d 794 (1998) (applying Whitmore
holding to filing of habeas corpus petition).
The habeas corpus petition filed in this Court fails to satisfy the requirements for next-friend status. "The burden is on the `next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Whitmore,495 U.S. at 164, 110 S.Ct. 1717. This petition contains no explanation as to Ray-El's relationship with K.L.R.B. The only reference in the petition to any reason why Ray-El was filing the petition is the following, "[K.L.R.B.] has less than an eighth grade education and possess[es] deficient social skills. [K.L.R.B.] also suffers from a learning disability and speech impediment."[2] *Page 1105 
Neither is there any explanation as to why K.L.R.B.'s attorney did not file the petition on his behalf. Nor is there is reference to K.L.R.B.'s current age. The petition, at best, is scant. It totally fails to comply with the requirements for filing a habeas corpus petition. See § 15-21-4, Ala. Code 1975. We hold that Ray-El failed to meet his burden of establishing his next-friend status; therefore, we have no jurisdiction to entertain this petition.
Moreover, even if this court had jurisdiction to consider this petition there are no grounds for granting habeas corpus relief. It appears that K.L.R.B. committed a new offense while on bail. "We have stated that an accused forfeits his constitutional right to pretrial bail when he commits another offense while on bail." Exparte Bartlett, 848 So.2d 1024, 1026 (Ala.Crim.App. 2002).
For the foregoing reasons this petition is due to be, and is hereby, dismissed.
PETITION DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Ray-El is currently incarcerated at Holman Correctional Facility.
[2] We note that the answer to this petition does state that Ray-El is related to K.L.R.B.; however, the habeas corpus petition contains no reference to any relationship between K.L.R.B. and Ray-El.