FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSE TYSON, Jr.,

        Plaintiff - Appellant,

  v.

OREGON DEPARTMENT OF
CORRECTIONS, a political subdivision
of the State of Oregon; et al.,

        Defendants - Appellees.

No. 11-35358

D.C. No. 3:08-cv-00173-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Jesse Tyson, Jr., an Oregon state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

malicious prosecution, a conspiracy, and state tort law claims arising from a prison altercation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Williams because Tyson failed to raise a genuine dispute of material fact as to whether Williams personally participated in any constitutional deprivation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; plaintiff must show personal involvement in violations).

The district court properly granted the remaining individual defendants qualified immunity at summary judgment on the excessive force claim because Tyson failed to raise a genuine dispute of material fact as to whether the defendants acted with the requisite "malice" and "sadism" for the purpose of causing him harm, rather than with a good faith purpose to restore discipline. *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (when prison officials attempt to resolve a disturbance, the inquiry turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").

The district court properly granted qualified immunity at summary judgment on the malicious prosecution claim because Tyson failed to rebut the presumption

that the district attorney exercised independent judgment in determining that probable cause existed, and failed to establish that the proceedings ultimately terminated in such a manner as to indicate his innocence. *See Newman v. County of Orange*, 457 F.3d 991, 993-95 (9th Cir. 2006) (plaintiff bears the burden of rebutting independent judgment presumption, and "must provide more than an account of the incident in question that conflicts with the account of the officers involved"); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.").

The district court properly granted qualified immunity at summary judgment on Tyson's conspiracy claim because Tyson failed to allege any evidence suggesting an agreement or meeting of the minds among supposed conspirators. *See Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983) (to survive summary judgment on a conspiracy claim, plaintiff must show evidence of an agreement between defendants).

The district court also properly granted summary judgment on Tyson's remaining state tort claims and his claims against ODOC and defendants in their official capacity on the basis of Eleventh Amendment immunity. *See* Or. Rev.

Stat. § 30.265 (the State of Oregon must be substituted in actions for torts allegedly committed by individual officers and employees acting within the scope of their employment); *Alvarez v. Hill*, 667 F.3d 1061, 1065 (9th Cir. 2012) (holding that a claim for money damages against ODOC employees in their official capacity is barred by the Eleventh Amendment).

**AFFIRMED.**